## RUIZ DE VAL *v.* VIRELLA.

### APPEAL from the District Court of Humacao.

No. 100.—Decided May 20, 1904.

CONTRACTS—OBLIGATIONS.—Obligations arising from contracts have the force of law between the contracting parties, and the provisions thereof must be strictly complied with.

COSTS.—Costs should be taxed against the litigant whose .demands have been in all things denied, but in all other cases the court should impose costs in accordance with equity.

## STATEMENT OF THE CASE.

This is a suit prosecuted in the District Court of Humacao by the plaintiff Eugenio Ruiz de Val, married, of legal age, a property owner and a resident of Guayama, represented in this court by Attorney Wenceslao Bosch, against the defendant, Pedro Virella Uribe, of the same place, married, of legal age and a property owner, represented by his counsel, Rafael López Landrón, for the recovery of money. The case is pending before us on appeal taken by the plaintiff from a judgment rendered by the said district court, and which reads as follows:

"Judgment.—In the city of Humacao, on the 27th of July. 1903, a hearing was had in this declaratory action, prosecuted by Eugenio Ruiz de Val, married, of legal age, a property owner and a resident of Guayama, against Pedro Virella Uribe, a resident of Guayama, married, of legal age and a property owner, for the recovery of money, the parties being represented by Attorneys Juan Vías Ochoteco and Rafael López Landrón, respectively.

"Attorney Tomás Bernardino de la Huerta, in the name of and on behalf of Eugenio Ruiz de Val, filed a complaint against Pedro Virella Uribe, praying that the defendant be adjudged to pay him the sum of $1,937.32 and the costs, in which amount the defendant was indebted to him by virtue of a settlement of accounts pending, which settlement was made by the defendant Virella and the plaintiff, and a private document admitting the obligation having been executed by the said defendant before the witnesses, Antonio Grau and Aureo Alvarez, which document constitutes the initial step in the preliminary executory proceedings, whereby the plaintiff appeared and urged his claim. By the said document the defendant bound himself to pay the sum of two thousand, nine hundred and forty-eight *pesos* and ninety *centavos,* provincial money, derived from the salaries due to the personnel of the municipality of Arroyo, and the sum of two hundred and sixty-four *pesos* and thirty-one *centavos,* of the same money, which was the amount due to the plaintiff from the municipal corporation of Arroyo, and which the defendant Virella also bound himself to pay. The debts having become due plaintiff has found it necessary to resort to judicial proceedings for the collection

thereof, levying a cautionary attachment on the property of the debtor, and making the allegations contained in the complaint.

"Notice of the complaint having been served upon the defendant, he denied the allegations therein contained, and set up that in the execution of the document which serves as a basis for the complaint, in so far as the same refers to Pedro Virella Uribe, he is bound only as the custodian of the funds of the municipality and for debts owing by the municipality to its employees; that the said document was not authorized either by the syndic, the municipal council or the alcalde; also that the said document is subject to a previous suspensive condition, and that the same has not been declared for the purposes of taxation in accordance with the provisions of the Hollander Bill, and prayed that the complaint be dismissed with costs against the plaintiffs.

"The parties having been summoned to appear for the proposal of evidence, counsel for the plaintiff proposed that of confession in court, documentary evidence consisting of public and private documents, expert testimony and the testimony of witnesses; while counsel for the defendant proposed that of confession of the plaintiff and documentary evidence consisting of the certificate of the Insular Treasurer in regard to the credits and property declared by the plaintiff. The said evidence was declared pertinent by the court and it was ordered that the same be introduced.

"The 24th of March last having been set for the hearing, a question of jurisdiction was thereupon raised, both parties requesting the citation of the Attorney General for the discussion of the same, and a new day having been set for the hearing, the same was had on the 18th of the present month, counsel for both parties appearing, as also the Attorney General. The question of jurisdiction was first disposed of to the effect that the court was competent to try the case, and the hearing was proceeded with, plaintiff waiving the testimony of witnesses proposed by him, the defendant Eugenio Ruiz de Val only being examined, the parties submitting the documentary evidence for the consideration of the court, and counsel made oral argument in support of the rights of their respective clients. A day having been set for voting upon the judgment, the court unanimously dismissed the complaint, imposing the costs upon the plaintiff.

"In the conduct of these proceedings all the rules of procedure have been followed.

"Associate Judge Charles E. Foote prepared the opinion of the court.

"In regard to what may be termed the first part of the obligation, it being stated in the document which forms the basis of this litigation that the object thereof was to secure a settlement of accounts for certain amounts derived from salaries due up to September, 1893, it not being stated therein from what date the said salaries commenced to run, specifying the amounts earned by each employee, the plaintiff should have proved that such amounts had been received in accordance with the contract, by the signatures on the warrants in favor of each of the said employees, and the amounts which appear against each of them in the list incorporated in the said contract, which he has not done, he having confined himself in the evidence proposed and introduced, without specifying the amounts, to the introduction of proof consisting of the certificate of the Treasurer of Porto Rico to the effect that the majority of the employees whose names appear in the document had signed the warrants corresponding to the years 1891-92 to 1892-93 and the months of July to September, 1893-94.

"In regard to what may be termed the second part of the contract, it is based on credits in favor of Ruiz de Val against the municipality for furnishing lights during the years 1891 to 1892-93 and from July to September, 1893, which amounts Virella agreed to pay by means of warrants signed by Ruiz, and further for supplies furnished the office of the alcalde, and for the rental of a small office for the collection of the local excise taxes, it not being stated to what years or months these last two items refer. Neither are these points made clear either by the certificate of the Treasurer of Porto Rico proposed and introduced in evidence, or by any other evidence.

"Obligations arising from contracts must be fulfilled in accordance with their stipulations.

"It is incumbent upon the plaintiff to prove his case.

"In accordance with rule 63 of General Order No. 118, costs must be taxed against the party who loses his case upon all poir's.

"We have examined articles 1091 and 1214 of the former Civil Code governing this case, and other legal provisions applicable in force upon the subject.

"We adjudge that we should dismiss and do dismiss the complaint filed against Pedro Virella Uribe by Eugenio Ruiz del Val for the recovery of $1,937.32 claimed in this action, and tax the costs against the plaintiff.

"Thus by this our judgment do we pronounce, command and sign. Salvador Fulladosa, Charles E. Foote, Ramón Quiñones."

From this judgment counsel for the plaintiff, Eugenio Ruiz de Val, took an appeal, which was allowed both for stay of proceedings and review, and the record having been forwarded to this Supreme Court, and the parties having been cited and entered appearance, the proper procedure having been followed, a day was set for the hearing which was duly had, counsel for the parties both being present.

*Mr. Bosch,* for appellant.

*Mr. Lopez Landrón,* for respondent.

Mr. Chief Justice Quiñones, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the statement of facts contained in the judgment appealed from.

It further appears that in the document which was attached to the complaint, and which appears at folio No. 1 of this record, and which is entitled " settlement of accounts of the personnel of the municipality of Arroyo between Eugenio Ruiz de Val, creditor, for payments made to the said personnel, and the depositary, Pedro Virella Uribe," executed in Guayama before the witnesses Antonio Grau and Aureo Alvarez, who signed the same, on the 4th of January, 1894, and by which said Virella Uribe agreed to pay to Eugenio de Val the amounts set down in the said document as soon as he could obtain the signatures of the interested parties to the warrants for salaries and services due up to September, 1893, there being incorporated thereafter in the said document a list of the employees of the municipality and the amounts due each one according to the liquidation of accounts made, amounting to a total of two thousand nine hundred and forty-eight *pesos* and ninety *centavos* provincial money. The depositary, Virella Uribe, furthermore agreed to pay Ruiz del Val, by warrants signed by the interested parties, the amounts which appear to the credit of the said

Ruiz del Val, as the creditor of the municipality, for lighting and other items mentioned, amounting to the sum of two hundred and sixty-four *pesos* and thirty-one *centavos,* which amount added to the two thousand nine hundred and forty-eight *pesos* and ninety *centavos* owing to him for salaries paid to the employees of the municipality, amounted to a total of three thousand three hundred and thirteen *pesos* and twenty-one *centavos* provincial money. And it was finally agreed that Eugenio Ruiz de Val should deliver to Virella in due time the orders or warrants which he held from such employees, or receipts on account of the same, when such orders or warrants should exceed the amount of the payments, in which case the proper memoranda should be placed upon the corresponding orders or warrants.

It appears from the certificate issued by the Treasurer of Porto Rico, found on folio 75 of this record, and introduced at the request of the plaintiff during the time allowed for the introduction of evidence, that according to the accounts of the municipal funds for the municipality of Arroyo, for the fiscal years 1891-92, 1892-93 and 1893-94, which were kept in that cffice, Miguel Jeannot, José María Alcaide, Juan María Saavedra, Casimiro Llabrés, Ana Valdejuly de Cintrón, Antonio Arquel Iglesias, Agapito Virella, Eugenio Mariantón, José Martí Vall, Luis Mener, Clemente Iglesias and Cándido García, employees of the municipality of Arroyo, had respectively signed the warrants which appear in the said accounts, for salaries and services due and rendered in all or in part for the fiscal years 1891-92, 1892-93 and the months of July to September of the year 1893-94, with the following exceptions: The warrants including the salaries of Antonio Arquel Iglesias, as municipal policeman during the years 1891-92 and 1892-93, are signed by the corporal of the municipal police, Arquel Iglesias appearing in the list attached to the warrant, the said warrant being issued for a total amount of the salaries due to the persons

constituting the municipal police corps. Only one warrant for one hundred and fifty *pesos,* being salary for the last six months of the fiscal year 1892-93, is made in favor of Arquel and signed by him. The amount of salary due Cándido García as an urban policeman during the fiscal year 1891-92 and the months of July, August and September of the year 1893-94 appear to have been drawn together with the salary of the other town policeman Ramón Rodríguez, the latter always signing the warrants in his own name and in the name of García. In the fiscal year 1892-93 there only appears to have been one warrant for three hundred and sixty *pesos* for salaries during the year for the town policemen Ramón Rodríguez and Cándido García the same being signed by Rodríguez. In the same year 1892-93 there appears to be another warrant for ninety-six *pesos* in favor of Cándido García, as salary for caring for the lamps and there is no signature under the word "received." Other warrants which appear in favor of Cándido García as caretaker of the lamps for public lighting are signed at the request of the interested party by Ramón Rodríguez. The Treasurer further certifies that in the accounts referred to there is nothing whatever to show that Eugenio Ruiz had supplied to the office of the alcalde of Arroyo the sum of two hundred and sixty-four *pesos* in different sums for lighting and other items.

At the oral hearing counsel for the defendant acknowledged that the document executed on January 4, 1894, and which appears on folio No. 1 of this record is legitimate and correct.

In accordance with article 1091 of the old Civil Code, the provisions of which are reenacted in section 1058 of the Civil Code now in force, obligations arising from contracts have the force of law between the contracting parties and must be fulfilled according to their stipulations.

Pedro Virella Uribe having agreed in the document found on folio No. 1 to pay Eugenio Ruiz del Val the amounts there-

in stated in detail for salaries due to the employees of the municipality of Arroyo a list of whose names appears in the said document, as soon as he should obtain the signatures of the interested parties and the proper warrants for salaries due and services rendered up to September, 1893, and it appearing from the certificate issued by the Treasurer of Porto Rico, to be found at folio 75 of this record and introduced at the request of the plaintiff during the time allowed for the introduction of evidence that according to the accounts of municipal funds for the municipality of Arroyo, for the years 1891-92, 1892-93 and 1893-94, on file in the said office, the persons whose names appear in the said document on folio 1 of the record, former employees and officers of the municipality of Arroyo, had signed the respective warrants which appear in the said accounts, for salaries due and services rendered in all or in part of the fiscal years 1891-92, 1892-93 and the months of July, August and September of the year 1893-94, with the exceptions mentioned in the said certificate, the conditions imposed must be considered to have been fulfilled with respect to the warrants issued in favor of the employees of the municipality of Arroyo, and a list of which warrants appears in the document at folio No. 1, for salaries due during the time referred to in the certificate of the Treasurer of Porto Rico, and which were either signed by the interested parties or by other persons in their names. Therefore the creditor, Eugenio Ruiz del Val, is entitled to recover the amounts shown by the liquidation effected and which is incorporated in the said document found at folio No. 1, in so far as the same do not exceed the value of the said warrants.

This is not the case with the warrant issued in favor of the policeman Cándido García for ninety-six *pesos*, and therefore it cannot be placed to the credit of the account of Eugenio Ruiz del Val, since according to the certificate of the Treasurer the receipt at the bottom of the said warrant does

not appear to have been signed by him (Cándido García) or by any other person in his name. Neither can the two hundred and sixty-four *pesos* and thirty-one *centavos* be credited to the said Eugenio Ruiz del Val for furnishing light and for other services which are enumerated in the second part of the said document at folio No. 1, and which the defendant, Pedro Virella Uribe, agreed to pay by means of a warrant signed by the interested party himself, since aside from the fact that the debt is not proved in the manner agreed upon, that is to say by the warrant issued in favor of the plaintiff and signed by him, it also appears from the certificate of the Treasurer, found on folio 75, that in the accounts of municipal funds of the municipality of Arroyo, there is nothing whatever to show that Eugenio Ruiz del Val furnished to the office of the alcalde of said town, for lighting and other items mentioned, two hundred and sixty-four *pesos* and thirty-one *centavos,* to which the credit in question is made to amount.

Although in the said certificate of the Treasurer there appear other warrants of the municipality of Arroyo, to which the said certificate refers, they are not signed by the respective interested parties either for themselves or by other persons in their names, such as those for salaries of the municipal policeman, Antonio Arquel Iglesias, for the years 1891-92 and 1892-93, which appear to be signed by the corporal of the municipal police; but the said Arquel appears nevertheless in this list attached to each warrant, and these warrants being issued for the total amount of the salaries due the persons composing the municipal police corps. And another warrant issued in favor of the said urban policeman Cándido García, for his salary and that of his fellow policeman Ramón Rodríguez, which is signed only by the latter, must be deemed to be subject to payment to Eugenio Ruiz del Val, inasmuch as during the long time which has passed, there appears to have been no claim or protest made by any

of the interested parties as to the legitimacy of the payments made, from which it is to be presumed that the various warrants were signed in their names and with their knowledge and approval.

Costs should be taxed against the litigant who loses his case on all points; but in other cases the courts should tax them in accordance with equity.

In view of the articles of the old Civil Code and the Civil Code now in force, which have been cited, and section 63 of General Order No. 118, of 1899, and other provisions of general application, we adjudge that we should reverse and do reverse the judgment appealed from, condemning Pedro Virella, Uribe to pay to Eugenio Ruiz del Val the amounts set down in the first part of the document at folio No. 1, in so far as they do not exceed the amount of the warrants issued in favor of the employees of the municipality of Arroyo, a list of which appears in the said document at folio No. 1, for salaries due and services rendered during the years 1891-92, 1892-93 and the months of July, August and September of the year 1893-94, to which the certificate of the Treasurer of Porto Rico refers, and which certificate is to be found on folio 75, and appears to have been signed by the interested parties themselves, or by other persons for them, with the exception of the one issued in favor of the urban policeman Cándido García, for the sum of ninety-six *pesos,* to which reference is made in the said certificate of the Treasurer, after a proper liquidation which shall be made in accordance with the provisions of articles 922 *et seq.* of the Law of Civil Procedure, and the amount so arrived at shall be reduced to the official money at the established rate of exchange. And we dismiss the complaint against Pedro Virella Uribe with respect to the two hundred and sixty-four *pesos* and thirty-one *centavos,* the amount of the credit acknowledged in his favor in the document on folio No. 1, for supplying light and

other items, without special imposition of costs in both instances.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.